**IN THE UNITED STATES DISTRICT COURT FOR THE**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **RONALD MARTIN, et al.,**     )<br>                                                      )<br>           Plaintiffs,               )<br>                                                      )<br>                                                      )<br>     v.                                              )<br>                                                      )<br>**PAN PACIFIC PETROLEUM,**   )<br>                                                      )<br>           Defendant.              )<br>_____ )<br>                                                      )<br>**AND RELATED CASES**        )<br>_____ ) | **CONSOLIDATED ACTIONS**<br><br>    **CIV F-03-5746 AWI LJO**<br>    **CIV F-03-6029 AWI LJO**<br><br><u>**RELATED ACTION**</u><br>    **CIV F-04-5785 AWI LJO**<br><br>**ORDER REGARDING MOTION TO**<br>**DETERMINE CLASS COUNSEL**<br>**AND AMEND JUDGMENT**<br><br>(Documents #52, #57, & #60) |

On January 3, 2005, the court confirmed a stipulated settlement and release. A dispute has arisen between attorneys claiming to represent Plaintiffs on who should receive the check for class counsel's attorney's fees. On February 4, 2005, the court stayed enforcement of the portion of the judgment pertaining to attorney fees to resolve this dispute. The Law firm of Green & Azevedo ("Green & Azevedo") seeks an order finding that it, rather than Jerry Budin, is the class counsel in this action.              **BACKGROUND**

These class actions arise out of Defendant's alleged failure to pay overtime compensation to Plaintiffs and other similarly situated truck drivers. The complaint alleges violation of the Fair Labor Standards Act, 29 U.S.C. § 210 et seq. ("FLSA") and state law violations under the Unfair Business Practices Act ("UPA"), Cal.Bus.& Prof.Code §17200 et seq.

On December 13, 2004, the Magistrate Judge issued Findings and Recommendations

approving the settlement of these class actions. The Findings and Recommendations were adopted by the court on January 3, 2005. The Judgment issued by the court, on a form provided by Mr. Budin, stated:

> "Defendant Pan Pacific Petroleum shall pay attorneys' fees and costs in the total sum of $212,500.00 to <u>class counsel, Jerry Budin</u>"

January 3, 2005 Judgment at 2 (emphasis added.)

From the evidence provided by the parties, it appears that Mr. Budin announced on January 3, 2005 that he intended to withdraw from Green & Azevedo effective February 1, 2005.

On February 24, 2005, the Law Firm of Green & Azevedo filed a motion requesting the court determine class counsel and amend paragraph 2 of the Judgment to reflect that class counsel in this matter is Green & Azevedo rather than Jerry Budin. Green & Azevedo contend that for the entirety of the time that Jerry Budin worked on this case, he was a representative of Green & Azevedo. Green & Azevedo claim that attorneys who are affiliated or employed with Green & Azevedo represent clients on the firm's behalf and not as individual attorneys. Green & Azevedo also point out that the agreement of representation between the clients in this matter is between the clients and Green & Azevedo, not with Mr. Budin individually.

On March 18, 2005, Jerry Budin filed an opposition. Mr. Budin opposes the motion on the ground that Green & Azevedo do not have standing to raise this fee dispute. Mr. Budin argues that Green & Azevedo's motion attempts to have the court resolve the nature of the partnership, which the court has no jurisdiction to do. Mr. Budin points out that he has always been the only attorney of record, and Local Rule 83-182(a)(b) requires appearances as an attorney of record not be made in the name of a law firm. Mr. Budin claims the attorneys' fees awarded in the judgment are his personally. Mr. Budin's declaration states in part:

> On and after January 1, 1992, my compensation, as with the compensation of all other partners, was based on the amount of income and fees I generated. In other words, I always directly shared in the fees I generated in my cases. Arthur Azevedo's declaration (see para. 4) to the contrary is false.

2

> The fees awarded to me in the Judgment in this case belong to me and represent my compensation as a partner for the work I performed as attorney of record in this matter.

Budin Dec. at ¶¶10-11.)

On March 25, 2005, Green & Azevedo filed a reply. Green and Azevedo contend that the motion is not a request for the Court to "interject itself" into a "financial dispute," and it merely seeks to correct and amend the judgment and identify the proper entity that served as Plaintiffs' class counsel. Green & Azevedo contend that they have standing bring this motion. It argues that Mr. Budin's "change of address" notice is not sufficient to change the attorney of record in this or any other case.

## LEGAL STANDARD

The court has discretion to reconsider and vacate a prior order or portion of that order. Barber v. Hawaii, 42 F.3d 1185, 1198 (9th Cir.1994); United States v. Nutri-cology, Inc., 982 F.2d 394, 396 (9th Cir.1992). Motions to reconsider are committed to the discretion of the trial court. Combs v. Nick Garin Trucking, 825 F.2d 437, 441 (D.C.Cir. 1987); Rodgers v. Watt, 722 F.2d 456, 460 (9th Cir. 1983) (en banc). Pursuant to Federal Rule of Civil Procedure 60(b), the court may alter or amend a final judgment based on specific grounds, such as: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) "extraordinary circumstances" which would justify relief. School Dist. No. 1J Multnomah County v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993). The Ninth Circuit has stated that "[c]lause 60(b)(6) is residual and 'must be read as being exclusive of the preceding clauses.'" LaFarge Conseils et Etudes, S.A. v. Kaiser Cement, 791 F.2d 1334, 1338 (9th Cir. 1986), quoting Corex Corp. v. United States, 638 F.2d 119 (9th Cir. 1981). Accordingly, "the clause is reserved for 'extraordinary circumstances.'" Id.

//

# DISCUSSION

**A. Court's Authority**

Mr. Budin contends that the court has no authority to resolve this issue. No Article III case or controversy is needed with regard to a determination of attorneys' fees because they are an ancillary matter over which the district court retains equitable jurisdiction even when the underlying case is moot. Zucker v. Occidental Petroleum Corp., 192 F.3d 1323, 1329 (9th Cir.1999). One risk in class action settlements is that class counsel may collude with the defendants, tacitly reducing the overall settlement in return for a higher attorney's fee. Staton v. Boeing Co., 313 F.3d 447, 473-74 (9th Cir. 2002); Zucker v. Occidental Petroleum Corp., 192 F.3d 1323, 1327-29 & n. 20 (9th Cir. 1999). In response to this concern, Rule 23(e) of the Federal Rules of Civil Procedure requires judicial oversight of class action settlements. District judges must review both the fairness of the settlement and the reasonableness of the attorney's fee. Zucker, 192 F.3d at 1328 & n. 20. A federal court may consider collateral issues, such as legal fees, after an action is no longer pending under the concept of ancillary jurisdiction. Federal Sav. and Loan Ins. Corp. v. Ferrante, 364 F.3d 1037, 1040 (9th Cir. 2004).

A similar issue to the one between Mr. Budin and Green and Azevedo was presented to the court in Keeling v. Gronick, Moskovitz, Tiedemann & Girard, 2000 WL 708945 (D.Md. 2000). In Keeling, the attorney who brought a class action to the law firm sued the firm for failure to reasonably compensate him for the work performed on the case. The defendant law firm removed the case to the federal court that had overseen the multi-district litigation class action settlement. The individual attorney in Keeling argued that the matter involved an internal firm dispute which was outside the court's subject matter jurisdiction. The court found that because it had jurisdiction to resolve the class action, it had jurisdiction ancillary to that original jurisdiction.

> [W]hen a dispute among different lawyers on account of the class fees I awarded arose, I must have continuing jurisdiction to resolve the dispute in order to protect the continued integrity of my order approving fair and reasonable fees in the first instance.

1  2000 WL 708945, *2.

2  In this case, as in <u>Keeling</u>, the parties provided for continuing jurisdiction in their

3  settlement agreement. The parties' Joint Stipulation provides:

> All disputes relating to the Settlement Administrator's ability and need to perform its duties shall be referred to the Court, if necessary, which will have continuing jurisdiction over the terms and conditions of this Settlement Agreement, until all payments and obligations contemplated by the Settlement agreement have been fully carried out.

Joint Stipulation, Doc. 39, Exh. A at ¶13. In this action, Mr. Budin claims that he alone is class counsel and therefore, solely entitled to the attorneys' fees awarded in this case. This court approved the award to "Class Counsel" and thus, the dispute goes directly to this court's orders and judgment. This court has the authority and a duty to review and approve the fairness of the attorneys' fees. Thus, this court has authority to resolve Green and Azevedo's motion.

**B. Amendment of Judgment**

On September 22, 2004, the Magistrate Judge issued Findings and Recommendations in which the Magistrate Judge recommended preliminary approval of the proposed settlement of the class action. The Findings and Recommendations stated:

> "This Order incorporates by reference the definitions in the Joint Stipulation and Addendum thereto, and all terms defined therein shall have the same meaning in this Order as set forth in the Joint Stipulation. . ."

Findings and Recommendations, Doc. 39, at ¶1. The Joint Stipulation was executed by the parties and stated the terms of their settlement. On September 29, 2004, the court adopted the Findings and Recommendations and thereby adopted and approved the parties' Joint Stipulation.

The terms of the parties' Joint Stipulation defined class counsel as follows:

> 1. Named Plaintiffs and Defendant herein are collectively referred to as "the parties." "Class Counsel"' includes Jerry Budin, Esq. and the law firm of Green & Azevedo.

Joint Stipulation, doc. 31, at 3. The Joint Stipulation provided that "Class Counsel" would apply to the court for payment from the settlement proceeds for $212,500.00 in attorneys' fees and

5

costs. On December 8, 2004, points and authorities were filed in support of the request for attorneys' fees. The points and authorities were filed by Jerry Budin on the letterhead of Green & Azevedo and were signed Green & Azevedo "By: Jerry Budin, Attorneys for Plaintiffs ." Two references in the points and authorities refer to Mr. Budin individually as class counsel:

> "From the settlement fund of Six Hundred Seventy-five thousand dollars ($675,000.00), class counsel (Jerry N. Budin) requests . . . a total of attorney fees and costs in the amount of $212,500.00."

December 8, 2004 Memorandum, doc. 42, at 3-4.

> "Plaintiff and class counsel request that the Court issue an Order giving final approval to the Joint Stipulation of Settlement awarding enhancements of $10,000.00 each to Class representatives Ronald Martin and Maurice DeArmon and awarding class counsel, Jerry N. Budin, attorney fees and costs in the sum of $212,500.00."

Id. at 8.

On December 13, 2004, the Magistrate Judge issued Findings and Recommendations recommending the court approve the settlement. In particular, the Findings and Recommendations stated:

> 6. The Court finds that the attorney's fees and costs requested by Class Counsel in the total sum of $212,500 are fair and reasonable."

Findings and Recommendations, doc.45, at 4.  The Magistrate Judge recommended "the proposed settlement is fair and reasonable" and that the District Court grant "final approval of the proposed settlement and related documents consistent with these recommendations." Id. at 4-5.

On January 3, 2005, the court signed an attorney prepared judgment which stated in relevant part:

> 2. Defendant Pan Pacific Petroleum shall pay attorneys' fees and costs in the total sum of $212,500.00 to class counsel, Jerry N. Budin. . .

Judgement, doc. 48, at 2.

The court finds that the reference to "Jerry N. Budin" instead of "Class Counsel" in the judgement was a result of mistake and inadvertence by the court.   As stated in the Findings and

6

Recommendations, the court approved a settlement in which $212,500 was to be paid in attorney's fees to Class Counsel. "Class Counsel" has been defined in this action as Jerry Budin and the law firm of Green & Azevedo. No motion or briefing was ever provided to the court requesting that Class Counsel be changed to Jerry Budin alone. The court never authorized a change in Class Counsel. As such, it was a mistake for the court's final judgment to refer to Jerry Budin instead of the class counsel already approved by the court. The integrity of the court's orders requires the court to amend the Judgement to read "Class Counsel, Jerry N. Budin and Green & Azevedo" instead of Jerry Budin and direct Defendants to make the check for attorneys fees payable, according to how Class Counsel was defined in the Joint Stipulation, to "Jerry N. Budin and Green & Azevedo."

None of the briefing provided by the parties convinces the court that the court should have the Judgment to read either "Jerry Budin" or "Green and Azevedo." Mr. Budin is correct that a law firm cannot appear for itself and has to have an individual appear for the law firm. However, there is no authority for the proposition that this necessarily turns the individual into "Class Counsel," especially in light of the definition of Class Counsel provided in these actions. A review of the record reveals that all of the pleadings and documents filed by Mr. Budin identifies the law firm of Green & Azevedo in the heading and at the signature line. No evidence has been provided of an agreement between Green & Azevedo and Jerry Budin whereby Mr. Budin would receive all fees awarded in this action. In the absence of an agreement, the Uniform Partnership Act requires that attorneys' fees received on cases in progress upon dissolution of a law partnership are to be shared by the firm partners according to their right to fees in the former partnership. <u>Jewel v. Boxer</u>, 156 Cal.App.3d 171, 174 (1984). Thus, the court declines to have the Judgement require the check for attorneys fees to be made payable to only Jerry Budin or Green and Azevedo.

The court does recognize that by amending the judgment to read "Class Counsel, Jerry N. Budin and Green & Azevedo" the ultimate dispute between Mr. Budin and Green & Azevedo

1  may not be resolved.  However, the court finds in light of the clear definition of the Class
2  Counsel given in these actions, the court does not need to address the internal workings of Green
3  & Azevedo and decide the partnership dispute between Mr. Budin and Green & Azevedo.
4  Having amended the judgment to correctly reflect the Class Counsel approved by the court, the
5  court is satisfied that any possible litigation between Mr. Budin and Green & Azevedo
6  concerning the attorney's fees award, along with other partnership disputes, will not affect the
7  intent of this court's order regarding the settlement agreement.

**ORDER**

Accordingly, the court ORDERS that:

1. Defendants' motion to determine class counsel is GRANTED;

2. Class Counsel in this action is Jerry Budin and the law firm of Green & Azevedo;

3. Defendants' motion to amend the Judgement is GRANTED;

4. The January 3, 2005 Judgement is AMENDED, and  Lines 6 through 8 on page two

   SHALL READ:

   > 2.  Defendant Pan Pacific Petroleum shall pay attorneys fees and costs in the total sum of $212,500.00 to Class Counsel, Jerry N. Budin and Green & Azevedo;

IT IS SO ORDERED.

**Dated:   July 7, 2005**                                  **/s/ Anthony W. Ishii**
0m8i78                                          UNITED STATES DISTRICT JUDGE