IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD MARTIN, et al.,         )<br>                                            )<br>          Plaintiffs,              )<br>                                            )<br>                                            )<br>     v.                                  )<br>                                            )<br>PAN PACIFIC PETROLEUM, )<br>                                            )<br>          Defendant.              )<br>_____)<br>                                            )<br>AND RELATED CASES        )<br>_____) | <u>CONSOLIDATED ACTIONS</u><br><br>    CIV F-03-5746 AWI LJO<br>    CIV F-03-6029 AWI LJO<br><br><u>RELATED ACTION</u><br>    CIV F-04-5785 AWI LJO<br><br>ORDER REGARDING REQUEST<br>FOR CLARIFICATION<br><br>(Document #67) |

On January 3, 2005, the court confirmed a stipulated settlement and release in this action. A dispute then arose between attorneys claiming to be class counsel for Plaintiffs on who should receive class counsel's attorney's fees. On July 8, 2005, the court amended judgment and found that class counsel in this action are "Jerry N. Budin and Green & Azevedo." The court then ordered Defendant to pay attorneys fees and costs in the total sum of $212,500.00 to class counsel, Jerry N. Budin and Green & Azevedo.

On August 5, 2005, Defendant filed a request for clarification. Defendant states that it has drawn a check payable to Jerry N. Budin and Green & Azevedo. Defendant states that John Beebe, on behalf of Green and Azevedo, and Jerry Budin have given Defendant inconsistent instructions on where to send this check. Defendant requests that the court tell Defendant where to send and/or deposit the check.

On August 12, 2005, Green and Azevedo filed a response. Green and Azevedo make

arguments, similar to those made earlier, supporting Green and Azevedo's position that the attorney's fees for class counsel belong to Green and Azevedo.

As previously discussed, class counsel in this action has been defined as Jerry N. Budin and the law firm of Green & Azevedo. The court previously declined to resolve the ultimate dispute between Mr. Budin and Green & Azevedo as to who should receive what portion of the attorney's fees payable to class counsel in this action. The court still finds that this action is not the place for Mr. Budin and Green & Azevedo to litigate their partnership disputes. Such a state law dispute should be decided by the state court and/or any other process to which Mr. Budin and Green & Azevedo agree.

Having declined to resolve Mr. Budin and Green & Azevedo's partnership dispute, the court does recognize that the dispute between class counsel appears to have so deteriorated that they cannot even agree on what should be done with the attorney's fees pending resolution of their dispute. As class counsel's failure to arrive at the most basic of solutions[1] is not Defendant's fault, the court will provide further guidance to Defendant. Accordingly, the court ORDERS as follows:

1. Defendant's request for clarification is GRANTED;

2. Defendant (or Defendant's attorney on Defendant's behalf) is DIRECTED to hold the attorney's fees ordered by the court for forty-five days. If, during this time, Defendant receives a stipulation signed by both Mr. Budin and a representative of Green & Azevedo, providing directions on where to send the check, Defendant shall comply with the directions. If, at the end of forty-five days, Defendant has not received such a stipulation, Defendant is directed to file an interpleader action in the Stanislaus County Superior Court, forcing Mr. Budin and Green & Azevedo to litigate their partnership dispute in an appropriate forum; and

---

[1] Pending resolution of the dispute, the funds could be held in trust by Green & Azevedo or Mr. Budin and Green & Azevedo could deposit the funds into a joint checking account.

3.  Until Defendant receives a stipulation signed by both Mr. Budin and a representative of Green & Azevedo or this issue is taken up by in an appropriate forum, Defendant may keep the attorney's fees and any interest accruing on the funds. Defendant should not be required to pay class counsel any interest caused by class counsel's own delay in receiving their attorney's fees.

IT IS SO ORDERED.

**Dated:    September 5, 2005**                             **/s/ Anthony W. Ishii**
0m8i78                                                                  UNITED STATES DISTRICT JUDGE

3